IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STANLEY DELORD MARTIN,
    Petitioner,

vs.                                                    Case No. 3:10cv28/MCR/EMT

EDWIN G. BUSS,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 29) the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 16). Respondent seeks dismissal of the petition on the basis that it was untimely filed, pursuant to 28 U.S.C. § 2244(d). Respondent filed a copy of the state court record in support of the motion to dismiss (Doc. 29, Exhibits). Petitioner filed a response in opposition to the motion to dismiss (Doc. 36).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 29; Doc. 36 at 1–2).[2] On March 26, 2003, in the Circuit Court in and for Okaloosa County, Florida, Petitioner pleaded nolo contendere, pursuant to a written plea agreement,

---

[1] Edwin G. Buss succeeded Walter A. McNeil as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter, all exhibits refer to the state court record filed with Respondent's motion to dismiss (Doc. 29).

to two counts of home invasion robbery in Case Nos. 2002 CF 1538 and 2002 CF 1596 (Ex. A). The trial court adjudicated Petitioner guilty and sentenced him to concurrent terms of twenty (20) years of imprisonment (Ex. B).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court. Petitioner filed a pro se initial brief (Ex. C). On April 27, 2004, the First DCA affirmed the judgment per curiam without written opinion (Ex. D). Martin v. State, 872 So. 2d 902 (Fla. 1st DCA 2004) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On July 2, 2003, while Petitioner's direct appeal was pending, Petitioner's counsel filed a motion to correct sentencing error, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (Ex. E). The trial court granted the motion and re-sentenced Petitioner, on September 16, 2003, to two consecutive terms of ten (10) years of imprisonment (Ex. F).

On February 22, 2005, Petitioner filed a pro se motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G). The trial court summarily denied the motion on March 17, 2005 (Ex. H). Petitioner did not appeal the decision (*see* Doc. 29 at 2).

On December 12, 2005, Petitioner filed a second Rule 3.850 motion (Ex. J at 1–5). The trial court summarily denied the motion (*id.* at 8–10). Petitioner appealed the decision to the First DCA; and the appellate court affirmed per curiam without written opinion, with the mandate issuing June 13, 2006 (Exs. K, L). Martin v. State, 929 So. 2d 1058 (Fla. 1st DCA 2006).

Petitioner filed the instant federal habeas action on January 26, 2010 (Doc. 1). In his amended petition, he claims that the State violated the terms of the plea agreement when, upon re-sentencing, Petitioner was sentenced to consecutive terms of confinement (Doc. 16 at 3–4).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas

petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing his § 2254 petition existed, that he bases any claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of the AEDPA on July 26, 2004, ninety (90) days after the appellate court issued its decision affirming his conviction. *See* <u>Chavers v. Secretary, Florida Dept. of Corrections</u>, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing <u>Bond v. Moore</u>, 309 F.3d 770, 774 (11th Cir. 2002)). Therefore, Petitioner had until July 26, 2005, to file his federal habeas petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner did not file his habeas petition by July 26, 2005. However, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner filed a tolling post-conviction motion on February 22, 2005, after 210 days of the one-year limitations period had expired. That motion remained pending until April 18, 2005, upon expiration of the thirty-day period for seeking review of trial court's decision denying the motion. *See* Fla. R. App. P. 9.140(b)(3). The one-year federal limitations period expired 155 days later, on September 20, 2005 (210 days + 155 days = 365 days). Petitioner's post-conviction applications filed after that date did not toll the federal limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal petition, filed on January 26, 2010, was untimely.

In Petitioner's response to the motion to dismiss, he asserts he is entitled to equitable tolling of the limitations period (*see* Doc. 36). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. *See* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

In the instant case, Petitioner contends his untimely filing was caused by ineffective assistance of counsel (Doc. 36 at 3–5). He states that when he was re-sentenced (on September 16, 2003), his counsel, who was representing him on direct appeal and in the Rule 3.800(b)(2) proceeding, advised him that he would file all appeals in Petitioner's case and send him anything relating to his case (*id.* at 3). Petitioner states that after an unspecified period of time, he wrote counsel several letters to ascertain the status of his post-conviction proceedings (*id.* at 4). Petitioner states he did not receive a response from counsel, so he prepared his federal petition on his own (*id.*). Petitioner contends his counsel's assuring him that he would file all appeals concerning his case constituted misconduct which caused him to miss the federal habeas deadline (*id.* at 4–5).

The Supreme Court recently ruled in Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) that the Eleventh Circuit Court of Appeal's determination that even an attorney's gross negligence did not warrant equitable tolling absent "bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part," was too limited a standard to be applied in cases where a habeas petitioner alleges he is entitled to equitable tolling based upon his attorney's conduct. 130 S. Ct. at 2563 (quoting Holland v. Florida, 539 F.3d at 1339). The Court reiterated, however, that a "garden variety claim of excusable neglect," such as the miscalculation of a deadline, would not warrant the application of equitable tolling. *Id.* at 2564 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)). The Court noted that it had previously made clear that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* at 2562 (quoting Pace, 544 U.S. at 418). In Lawrence v. Florida, *supra*, for instance, the Court expressly rejected the petitioner's contention that his counsel's mistake in miscalculating the limitations period entitled him to equitable tolling. "Attorney miscalculation," the Court held, "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." 549 U.S. at 336–37 (citing Coleman v. Thompson, 501 U.S. 722, 756–57, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

The analysis in these equitable tolling cases is necessarily fact-sensitive, and the Court in Holland remanded the case for reconsideration in light of its ruling, but it noted that the facts

suggested that Holland's attorney's conduct might constitute an extraordinary circumstance. The Court summarized the facts briefly as follows:

> To be sure, [attorney] Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 2564.

The undisputed record in the instant case belies Petitioner's contention that he missed the federal filing deadline due to his counsel's assurance that he would file all appeals concerning Petitioner's case. The fact that Petitioner filed both of his Rule 3.850 motions **pro se** (one of which was filed before the federal deadline expired) contradicts Petitioner's assertion that counsel's alleged abandonment and failure to communicate prevented him from pursuing his post-conviction remedies. Furthermore, Petitioner has failed to establish the requisite diligence which is required to show his entitlement to equitable tolling. While Petitioner alleges he "wrote his attorney several letters as to the status of his post conviction proceedings" (Doc. 36 at 4), he has provided no evidentiary support for this assertion, nor did he allege that he specifically inquired regarding his federal habeas remedy. Moreover, the sole claim asserted by Petitioner in this federal habeas action is the same issue Petitioner argued in his pro se brief on direct appeal on his conviction (*see* Doc. 16 at 3–4, Doc. 29, Ex. C). Therefore, the legal and factual basis for Petitioner's federal claim was clearly available to him despite counsel's alleged failure to respond to his letters. Based upon the foregoing, the undersigned concludes Petitioner failed to assert any credible basis for equitable tolling of the limitations period.

III.  CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period. Furthermore, he has failed to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review under any exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

IV.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Edwin G. Buss is substituted for Walter A. McNeil as Respondent

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 29) be **GRANTED**.
2. That the amended petition for writ of habeas corpus (Doc. 16) be **DISMISSED** with prejudice as untimely.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24<u>th</u> day of February 2011.


                          /s/ *Elizabeth M. Timothy*
                          **ELIZABETH M. TIMOTHY**
                          **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

       **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**